IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SANTO NIEVES-CONDE,<br><br>      Plaintiff<br><br>      v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>      Defendants | CIVIL NO. 09-1315 (JP) |

## **OPINION AND ORDER**

Before the Court is a motion to dismiss (**No. 14**) filed by Defendants the Commonwealth of Puerto Rico (the "Commonwealth"), and the Department of Corrections and Rehabilitation (the "Department"). Plaintiff Santo Nieves-Conde ("Nieves") did not oppose said motion. Plaintiff Nieves filed the instant lawsuit pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that Defendants negligently failed to treat Plaintiff for a fungal infection. For the reasons stated herein, Defendants' motion is hereby **GRANTED**.

## I.   **FACTUAL ALLEGATIONS**

Plaintiff Nieves is currently incarcerated in the Ponce Adulto 1000 correctional complex in Ponce, Puerto Rico. Plaintiff alleges that on May 20, 2003, he became infected with a fungus that covers his whole body. He allegedly sought treatment in the medical area of the correctional facility over thirty times, but has not been cured of his illness. Plaintiff alleges that he is in a constant state of pain as the fungus causes his skin to itch. Further, he

CIVIL NO. 09-1315 (JP)        -2-

claims that his fear of suffering from the fungus indefinitely has nearly caused him to develop a mental illness. Plaintiff Nieves states that Defendants have been negligent in providing him medical treatment.

Plaintiff has brought suit against the Department and the Commonwealth, but not against any prison official. He moves the Court to award him $450,000.00 for his pain and suffering, and there is no mention in the complaint of a request for any type of injunctive relief.

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint

CIVIL NO. 09-1315 (JP)          -3-

as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. ANALYSIS

Although Plaintiff does not specify the basis for his claims, the Court understands Plaintiff to bring his complaint pursuant to Section 1983 for violations of his rights under the Eighth Amendment of the United States Constitution. Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of inmates in their custody. Medina-Claudio v. Pereira, 443 F. Supp. 2d 208, 212 (D.P.R. 2006). The indifference may be manifested by prison doctors not responding to the prisoners' needs or by guards intentionally delaying or denying access to medical treatment that has been prescribed. Id. (citations omitted).

Defendants argue that the allegations against them should be dismissed on the basis of Eleventh Amendment immunity. The Eleventh Amendment bars a suit brought in federal courts for monetary damages against states, unless the state being sued waives its immunity or consents to be sued. U.S. Const. amend. XI. Puerto Rico is considered a state for Eleventh Amendment purposes. Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993). Absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court. Puerto

CIVIL NO. 09-1315 (JP)          -4-

Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142 (1993). The enactment of Section 1983 did not serve to abrogate the states' Eleventh Amendment immunity. See, e.g., Quern v. Jordan, 440 U.S. 332, 342 (1979). This Court has found dismissal of actions seeking monetary damages against the Department to be justified under Eleventh Amendment immunity principles. Torres García v. Puerto Rico, 402 F. Supp. 2d 373, 376 (D.P.R. 2005) (granting Eleventh Amendment immunity to the Commonwealth and the Department in a Section 1983 suit brought by a prisoner incarcerated in the Bayamón Institution); see also Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003) (granting Eleventh Amendment immunity to Massachusetts Department of Corrections).

Accordingly, Plaintiff's claims against the Commonwealth and the Department are barred by Eleventh Amendment immunity. Because the Court finds dismissal warranted pursuant to the Eleventh Amendment, the Court will not consider Defendants' second argument regarding time-bar.

**IV. CONCLUSION**

The Court **GRANTS** Defendants' motion to dismiss Plaintiff's complaint. The Court will enter a separate judgment accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of July, 2009.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE